IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| ERIC GADSON,<br><br>           Plaintiff,<br><br>   vs.<br><br>JOHN DOE #1, CORRECTIONAL OFFICER;  JOHN DOE #2, CORRECTIONAL OFFICER; NORMAN WEIDLICH, ASST. HEALTH SVC. ADMIN.; AND  P.A. STEVEN BURK, FCI LORETTO,<br><br>           Defendants, | 3:15-CV-00040-KRG |

## REPORT AND RECOMMENDATION

Cynthia Reed Eddy, United States Magistrate Judge.

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the motion to dismiss/motion for summary judgment filed by Defendants [ECF No. 34] be granted and Plaintiff's claims be dismissed with prejudice and the case be marked closed.

### II.    REPORT

    a.  Background

The following allegations are summarized from Plaintiff's Complaint, and are taken as true in making this recommendation. Plaintiff Eric Gadson is an inmate who is presently confined in the custody of the Federal Bureau of Prisons ("BOP") in the Federal Correctional Institution ("FCI") at Loretto, Pennsylvania. Plaintiff filed his complaint on February 13, 2015 alleging that his constitutional rights were violated after his orthopedic shoes were confiscated during his transfer from FCI LaTuna in Texas to FCI Loretto in Pennsylvania.

1

Plaintiff alleges that prior to entering prison, he was shot and the resulting injury caused his right leg to be three-fourths inches shorter than his left leg.  While in custody at FCI LaTuna, Plaintiff alleges that he received special medical shoes for his condition and was permitted to wear them to properly balance.  In June or July 2014, Plaintiff was transferred across country and permitted to wear his orthopedic shoes during the majority of the transit, but alleges that on or about July 18, 2014, during his out-processing, the bus lieutenant (Defendant John Doe No. 1) and the bus driver (Defendant John Doe No. 2) would not permit him to bring the shoes on the bus and confiscated his orthopedic shoes.  Plaintiff alleges that he was provided with shoes that were three sizes too small.  While at FCI Loretto, Plaintiff alleges that on July 20, 2014, because he did not have his orthopedic shoes, he lost his balance and fell while walking down a stairwell and injured his left hand.  Plaintiff presented to Health Services that same day seeking treatment and was given a splint to immobilize his hand.  The next day, Plaintiff was again seen in Health Services complaining of pain in his left hand.  Plaintiff was given an x-ray and it was determined that Plaintiff had a spiral fracture of his fourth metacarpal bone.  Plaintiff also complained to Physician Assistant Burk that the fall resulted from not having his orthotic lifts in his shoes, that the lifts were not sent by his prior institution, and he sought medical attention for this issue.  PA Burk issued Plaintiff orthotic heel lift inserts and gave him permission to buy proper-sized shoes from the commissary.  While Plaintiff's medical records reflected that Plaintiff had been issued orthotic lift inserts on March 14, 2013, similar to those issued by PA Burk, the medical records do not reflect that he was ever prescribed or issued orthopedic shoes.

Plaintiff commenced this action alleging multiple causes of action grounded in the Eighth and Fourteenth Amendments of the United States Constitution, the False Claims Act, 31 U.S.C.

§ 3729, the Privacy Act, 5 U.S.C. § 552a(e)(2), and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680, and brings these claims against Norman Weidlich, Assistant Health Services Administrator ("AHSA") of FCI Loretto, Steven Burk, Physician Assistant ("PA") of FCI Loretto, and two unnamed John Does, a bus lieutenant and driver from the United States Penitentiary Canaan ("USP Canaan"). While Plaintiff sets forth five separate causes of action, the constitutional claims are duplicative and ambiguous. Given the liberal pleading standard applied to *pro se* complaints, the Court will read Plaintiff's complaint as including an Eighth Amendment claim for deliberate indifference to his serious medical needs in confiscating his orthotics and in the treatment of his broken hand.

Defendants move to dismiss the claims, or alternatively move for judgment in their favor and argue that: (1) Plaintiff has failed to exhaust administrative remedies for any alleged constitutional violation raised in the complaint[1]; (2) even assuming exhaustion was completed, Plaintiff cannot establish a constitutional violation, and the Defendants are otherwise entitled to qualified immunity; (3) the False Claim Act allegation must be dismissed because there was never a false claim presented to the Government by any Defendant in order to receive personal gain; and (4) the Federal Tort Claims Act claim is essentially a claim of medical malpractice that cannot proceed because Plaintiff failed to exhaust administrative remedies and a certificate of

---

[1] The Defendants argue that they are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). They argue that while Plaintiff followed his appeal to the national level, his appeal was rejected on January 15, 2015 because Plaintiff did not provide a copy of the region's decision as required, and he was required to resubmit his appeal within fifteen days and failed to do so. In response, Plaintiff alleges that "[a]s of January 23[], 2015[,] Plaintiff never received a response from General Counsel" as to his appeal. [ECF No. 36] at 5. It is unclear from this exchange whether Plaintiff exhausted his administrative remedies prior to filing suit, and this Court will not make such a determination. Moreover, because it is clear that Plaintiff has failed to state a claim against the Defendants for his constitutional claims and because amending his complaint would be futile, this recommendation will be made on the merit of the constitutional claims.

merit was never filed.

### b. Standard of Review

#### 1. *Pro se pleadings*

Primarily, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106(1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). Under the Prison Litigation Reform Act ("PLRA"), where a *pro se* prisoner proceeds with his action *in forma pauperis*, the court must dismiss, at the earliest practicable time, any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendants who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The present action is subject to *sua sponte* screening for dismissal under the PLRA, as Plaintiff proceeds as an indigent. *See e.g., Simms v. Freeman*, 428 F. App'x 119, 120 (3d Cir. 2011).

#### 2. *Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or

inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

    In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it may consider documents integral to or explicitly relied upon in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added). Accordingly, the Court may take

into consideration the numerous exhibits expounding upon Plaintiff's claims – as the document he labels as his "complaint" contains only bare legal conclusions – including his inmate requests, appeals, responses thereto and his medical duty status reports attached to the complaint and the motion to dismiss without converting Defendants' motion into one for summary judgment.

### 3. *Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56*

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metropolitan Live Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed.R.Civ.P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989) (the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e. depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322.  *See also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d Cir. 2010) (quoting *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005)).

When considering a motion for summary judgment, the Court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. *Batsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also El v. SEPTA*, 479 F.3d 232, 238 (3d Cir. 2007).

    c. <u>Discussion</u>

        *1. Bivens Standard*

While Plaintiff does not explicitly state that his constitutional claims are brought pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), given the liberal construction afforded to *pro se* pleadings, the Court will read Plaintiff's complaint as alleging a *Bivens* claim.

"*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 19, 100 S.Ct. 1468, 64 L.Ed.2d 15, (1980). A *Bivens* claim "is the federal counterpart to claims under 42 U.S.C. § 1983, . . . [and the] standards for determining injuries developed in [Section] 1983 litigation are applicable in this context." *Paton v. La Prade*, 524 F.2d 862, 871 (3d Cir. 1975). In order to state a *Bivens* claim, a plaintiff must allege the following: (i) defendants must have been acting under color of federal law; and (ii) defendants must have caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States. *Bivens*, 403 U.S. at 397. Additionally, the defendants in a *Bivens* action must have been personally involved in the alleged constitutional

7

violation, and liability cannot be premised on a theory of respondeat superior. *Ruiz v. Fed. Bureau of Prisons*, 481 F. App'x 738, 741 (3d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948–49, 173 L.Ed.2d 868 (2009) and *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 71–72 (3d Cir.2011)).

2. *Eighth Amendment Violation*

In accordance with the Eighth Amendment's prohibition against cruel and unusual punishment, the government is obliged "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Id*. at 104 (citation omitted).  The "deliberate indifference" a plaintiff must allege lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other" and is frequently equated with recklessness as that term is defined in criminal law. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994).  This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Where a prisoner has received medical care and the adequacy of the treatment is disputed, courts are often reluctant to second guess professional medical judgment. *See id.*  A defendant acts with "deliberate indifference" where he intentionally denies or delays "access to medical care or intentionally interfer[es] with the treatment once prescribed. *Estelle,* at 104–05.  A medical need is serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987) (citations omitted).

Plaintiff first alleges that Defendants violated the Eighth Amendment by "administer[ing] or direct[ing] the unlawful confiscation of [his] orthopedic shoes." Compl. [ECF No. 3] at ¶ 42. As a result Plaintiff alleges he "sustained physical injury and trauma." *Id*. at ¶ 44. Defendants Weidlich and Burk argue that Plaintiff cannot demonstrate personal involvement in the alleged confiscation of his orthopedic shoes and this claim must be dismissed against them.

Taking all of the allegations in the complaint as true, Plaintiff has failed to allege the personal involvement of Defendants Weidlich and Burk in the alleged confiscation of his orthopedic shoes or orthotic heel lift inserts. He alleges that his shoes and/or orthotic lifts were taken away from him prior to his arrival at FCI Loretto while he was leaving USP Canaan for FCI Loretto. It is undisputed that Plaintiff only came into contact with Defendants Weidlich and Burk after he arrived at FCI Loretto, the place of employment of both of these defendants. To the extent that Plaintiff alleges that Defendants Weidlich and Burk failed to provide him with medical care at FCI Loretto, it is undisputed that on July 24, 2014, Plaintiff received treatment to replace his orthotic lifts and received a voucher to receive properly fitted shoes from the commissary after explaining to PA Burk that he needed said medical devices. To the extent that Plaintiff alleges he should have received orthopedic shoes instead of orthopedic inserts such allegation does not rise to the level of a Eighth Amendment violation, as the mere disagreement with a course of treatment does not establish "deliberate indifference" under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Insofar as Plaintiff alleges that the failure to reissue his orthotics after his transfer is an Eighth Amendment violation, this claim sounds in negligence, as Plaintiff has failed to allege how this conduct constituted "unnecessary and wanton infliction of pain." *See id*. *See also Garza v. Turley*, 490 F. App'x 83, 86 (10th Cir. 2012) (finding no constitutional violation for the confiscation of custom-made shoes and alleged inadequacies of

9

replacement shoes provided by prison medical staff); *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir.1975) (prison's failure to provide corrective shoes did not give rise to a constitutional violation). Lastly, to the extent that Plaintiff alleges that he received inadequate care in the treatment of his broken hand, Plaintiff has not stated a claim of deliberate indifference against Defendants Weidlich or Burk. Immediately following his fall, he was seen and treated at the Health Services Unit and medical staff immobilized his hand with a splint. The next day, x-rays were ordered and three days later, Plaintiff's hand was x-rayed and he was diagnosed with a spiral fracture of his metacarpal bone. As such, Plaintiff has not adequately alleged that he received inadequate medical care for his broken hand. Because Plaintiff fails to state an Eighth Amendment claim against Defendants Weidlich and Burk, the Court need not discuss whether they are entitled to qualified immunity. Accordingly, because amending Plaintiff's complaint would be futile, it is respectfully recommended that Plaintiff's Eighth Amendment claims against Defendants Weidlich and Burk be dismissed with prejudice.

Turning to the remaining John Doe Defendants, because Plaintiff proceeds with his case in forma pauperis, this court is tasked with determining *sua sponte* at the earliest possible juncture whether a claim fails for frivolity or for failure to state a claim. The John Doe Defendants have not been identified or served with process, but Plaintiff alleges that they are the bus driver and the lieutenant who transferred him from USP Canaan to FCI Loretto. Plaintiff has however, failed to state an Eighth Amendment claim against these two defendants, as the temporary deprivation of his orthotic lifts and replacement of smaller-sized shoes does not rise to deliberate indifference, as it is not "repugnant to the conscience of mankind" nor does it flout the "evolving standards of decency that mark the progress of a maturing society." *Estelle*, 429 U.S. at 105-06. *See also Garza and Henderson, supra*. Accordingly, because amending Plaintiff's

complaint would be futile, it is also respectfully recommended that Plaintiff's first cause of action alleging that the John Doe Defendants violated his constitutional rights by allegedly confiscating his orthopedic shoes be dismissed with prejudice.

### 3. False Claims Act, 31 U.S.C. § 3729

While ambiguous, Plaintiff's second cause of action alleges that Defendants provided false information regarding his medical condition during the administrative grievance process and in doing so violated the False Claims Act. Under the False Claims Act, a private litigant may bring suit on behalf of the government against a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," to the government. 31 U.S.C. § 3729(a)(1)(A). Thus, the plaintiff must allege that the defendant "presented or caused to be presented to an agent of the United States a claim for payment." *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir. 2001). Plaintiff has alleged no presentment for a claim for payment by Defendants in this case and has otherwise failed to allege necessary elements for a claim under the False Claims Act.[2] The crux of Plaintiff's allegation with respect to this claim is that Defendants provided false information in response to Plaintiff's grievances. Such allegations have no grounds in the False Claims Act. Accordingly, it is respectfully recommended that because amending this claim would be futile, that Plaintiff's False Act Claim be dismissed with prejudice.

### 4. Privacy Act, 5 U.S.C. § 552a(e)(2) and Sellers v. Bureau of Prisons, 959 F.2d 307, 308 (D.C. Cir. 1992)

---

[2] Perhaps Plaintiff does not understand the implication of the False Claims Act. It generally "creates a cause of action for the United States to recover economic losses incurred from fraudulent claims for payment." *U.S. ex rel. Babalola v. Sharma*, 746 F.3d 157, 164 (5th Cir.2014). Under the statute's qui tam provision, private whistleblowers, or "relators" who have evidence of monetary fraud against the United States "may assert the government's claim on its behalf." *Id. See also Jones v. Fitzgerald*, No. CIV.A. 14-412, 2014 WL 2938619, at *1 (W.D. Pa. June 30, 2014).

Plaintiff next alleges that Defendants violated *Sellers v. Bureau of Prisons*, 959 F.2d 307, 308 (D.C. Cir. 1992) by not keeping appropriate medical records while he was incarcerated. While the court in *Sellers* held that the BOP under the Privacy Act, 5 U.S.C. § 522a(e)(2), must accurately maintain prison records, that case was superseded by regulation and Inmate Central Records System records are exempt from Section 552a(e)(2) of the Privacy Act. *See* 28 C.F.R. §§ 16.97(j), (k)(2); *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 302-03 (D.D.C. 2007); *Harrison v. Smith*, No. CIV.A. 08-3050 (RMB), 2009 WL 2382209, at *7 (D.N.J. July 28, 2009). Accordingly, Plaintiff cannot state a claim under *Sellers* or the Privacy Act and this claim must be dismissed with prejudice.

## 5.  Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680

Lastly, Plaintiff alleges that the medical officers were negligent because they "gave Plaintiff the incorrect size inserts and a pass to purchase shoes from the commissary[,] . . . failed to make a directive or request for Plaintiff to receive orthopedic shoes . . . failed to have the appropriate size shoes [and] . . . Plaintiff was forced to wear shoes that were [three] sizes too small . . . [and a]s a proximate result of each of the Defendants' respective breaches of duty, [Plaintiff] sustained a broken metacarpal bone in his left hand[.]" Compl. ¶¶ 55-59.

Given the liberal pleading standards afforded to Plaintiff, the Court will assume that Plaintiff brings his negligence claim against the Defendants in their official capacities which essentially becomes a suit against the United States under the Federal Tort Claims Act ("FTCA"). *See Hafer v. Melo*, 502 U.S. 21, 26, 112 S. Ct. 358, 362, 116 L. Ed. 2d 301 (1991); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949) (suit against federal employees in their official capacity is a suit against the United States); *Cestonaro v. United States*, 211 F.3d 749, 753 (3d Cir.2000); *Kaplan v. Ebert*,

No. 15-3578, 2016 WL 2342065, at *2 (3d Cir. May 3, 2016).  Thus, the Court will construe his complaint as setting forth a Federal Tort Claims Act ("FTCA") claim against the United States.

Plaintiff has failed to exhaust his administrative remedies and the Court should grant summary judgment in favor of the defendants.  "No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).  The exhaustion "requirement is jurisdictional and cannot be waived." *Id*.  Here, Defendants support their motion to dismiss/motion for summary judgment with a declaration from Ondreya Barksdale, a paralegal specialist employed by the United States Department of Justice, Federal Bureau of Prisons, Northeast Regional Office in Philadelphia, Pennsylvania, stating that based on her review, Plaintiff "has not filed a tort claim concerning any issue including the issues" he raises in his complaint. Barksdale Dec. [ECF No. 35-1] at ¶ 8.  Plaintiff does not deny this, but rather seeks leave to amend his complaint for any perceived insufficiencies.  However, because the government has already produced the discovery relevant to Plaintiff's failure to exhaust under the FTCA, and because the Barksdale declaration is sufficient to establish Plaintiff failed to exhaust administrative remedies, this Court has no jurisdiction to hear Plaintiff's FTCA claim and it must be dismissed with prejudice, as amending his complaint would be futile.

Even assuming that Plaintiff adequately exhausted his claim, he has failed to submit the required Certificate of Merit for any medical malpractice claim.  The FTCA requires that the district court "apply the tort laws of the state in which the alleged tort arose." *Baumgardner v. Ebbert*, 535 F. App'x 72, 77 (3d Cir. 2013) (citing *Gould Elec. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir.2000)).  Here, Plaintiff's medical malpractice claim arose in FCI Loretto located in Pennsylvania, and Pennsylvania law controls his tort claims.  Pennsylvania requires a

plaintiff alleging a claim for medical malpractice to submit to the court a certificate of merit in which an appropriate licensed professional attests that there is a reasonable probability that the medical care provided fell outside of the acceptable professional standards. Pa. R. Civ. P. 1042.3(a)(1).  This rule is substantive and a federal court must apply it. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011).  Moreover, the argument that a prisoner does not have access to his medical records and files prior to discovery such that the requirement to submit a certificate of merit is burdensome "is not a sufficient excuse for failing to file a [certificate of merit]." *Baumgardner*, 535 F. App'x at 77 n.5.  Plaintiff did not file a certificate of merit, did not make a substantial effort to comply with the rule, nor did he provide a reasonable explanation for failing to do so.

Accordingly, it is respectfully recommended that even if Plaintiff were to submit a Certificate of Merits, Plaintiff's FTCA claim should be dismissed with prejudice, as Plaintiff has not exhausted his administrative remedies and amending would be futile.

d.  Conclusion

Based on the foregoing, it is respectfully recommended that Defendants' motion to dismiss/motion for summary judgment [ECF No. 34] be granted and Plaintiff's claims be dismissed with prejudice and the case be marked closed.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen days after being served with this report and recommendation to file objections.  Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

DATED this 24th day of May, 2016.

                BY THE COURT:

                s/Cynthia Reed Eddy
                United States Magistrate Judge

cc:      Honorable Kim R. Gibson
          United States District Judge
          *via electronic filing*

          ERIC GADSON
          35588-019
          LORETTO
          FEDERAL CORRECTIONAL INSTITUTION
          Inmate Mail/Parcels
          P.O. BOX 1000
          LORETTO, PA 15940

          Attorneys of record *via electronic filing*